UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HERBERT FRANK CINTRON,

                              Plaintiff,

     v.

                                        Case No. 7:20-cv-09112-CS-PED

MARJAM SUPPLY CO., INC. aka
MARJAM, JOE CERASANI, and EDWIN NIEVES,

                              Defendants.

## STIPULATION AND ORDER FOR THE PRODUCTION
## AND EXCHANGE OF CONFIDENTIAL INFORMATION

This matter having come before the Court by stipulation of the respective counsel of record of Plaintiff Herbert Frank Cintron ("Plaintiff") and Defendants Marjam Supply Co., Inc. a/k/a Marjam ("Marjam") and Edwin Nieves ("Nieves", and collectively with Marjam, the "Marjam Defendants"; Plaintiff and the Marjam Defendants are hereinafter each defined respectively as a "party" and separately and collectively as the "parties"), for the entry of a protective order, pursuant to Federal Rule of Civil Procedure 26(c), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by any party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1.    This Stipulation is being entered into to facilitate the production, exchange and discovery

of documents and information that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

2.     Any party may designate Documents produced, or Testimony given, in connection with this action as "confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3.     As used herein:

(a)     "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

(b)     "Producing Party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(c)     "Receiving Party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4.     The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential

2

Information. If the Producing Party does not agree to declassify such document or material, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5.     Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

    a.     The parties to this action;

    b.     personnel of plaintiff or defendant actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

    c.     counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

    d.     expert witnesses or consultants consulted or retained by the parties or their counsel to furnish or to consider furnishing technical or expert services in connection with this action or to give or to consider giving testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance

with paragraph 7 hereof;

e.    the Court and court personnel, if filed in accordance with paragraph 11 hereof;

f.    an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 9 hereof;

g.    trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 8 and 9, respectively, hereof; and

h.    any other person agreed to by the parties.

6.    Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this proceeding and for no other purposes.

7.    Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(d) hereof, counsel for the Receiving Party shall provide the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.  Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the first disclosure of the information required to be disclosed by Federal Rule of Civil Procedure 26(a)(2) concerning such expert witness or consultant, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8.    Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such

4

Confidential Information.

9.    This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof. Any court reporter and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

10.   A party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to twenty-one (21) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by either: (1) stating on the record during the deposition that certain testimony shall be treated as confidential, or (2) notifying all counsel in writing of those portions which are to be stamped or otherwise treated as confidential at any time up to thirty (30) days after the transcript is received by counsel for the party asserting the confidentiality privilege.

11.   A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall file such documents with the court under seal pursuant to Paragraph 11(B) of the Individual Practices

5

of Judge Cathy Seibel, U.S.D.J., and contemporaneously file a motion or letter motion for approval of sealed or redacted filings. All pleadings, briefs or memoranda which reproduces, paraphrases or discloses any documents which have previously been designated by a party as comprising or containing Confidential Information, shall identify such documents by the production number ascribed to them at the time of production.

12. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

13. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 10 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

14. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

15. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this proceeding or in any other proceeding or action.

16. This Stipulation is entered into without prejudice to the right of any party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

18. This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of all parties, continue to be binding after the conclusion of this action.

19. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

20. Within ninety (90) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Receiving Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within ninety (90) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party,

21411836v5

or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or her affiliate(s) in connection with any other matters.

21.   Facsimile, pdf, or other electronic copies of signatures on this Stipulation and on Exhibit A to this Stipulation shall be deemed originals, shall be acceptable as evidence of the original execution by each party's counsel of this Stipulation and of the original execution of Exhibit A to this Stipulation by each party or other person who signs a copy of Exhibit A to this Stipulation, and shall be binding on each such signatory as if they were originals.

22.   This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated:  New York, New York
        November 15, 2021

GENDER EQUALITY LAW CENTER

By: Allegra L. Fishel
    Allegra L. Fishel, Esq.
    540 President Street, 3rd Floor
    Brooklyn, New York 11215
    347.844.9003
    afishel@genderequalitylaw.org

*Attorneys for Plaintiff*
*Herbert Frank Cintron*

HODGSON RUSS LLP

By: _____
    Charles H. Kaplan, Esq.
    Michael D. Zahler, Esq.
    605 Third Avenue, 23rd Floor
    New York, New York 10158
    646.218.7513
    ckaplan@hodgsonruss.com
    mzahler@hodgsonruss.com

*Attorneys for Defendants*
*Marjam Supply Co., Inc. and*
*Edwin Nieves.*

21411836v5

SO ORDERED:

_____
M.\: JUDGE DAVISON

11 - 16 - 21
_____
Date

9

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

HERBERT FRANK CINTRON,

                              Plaintiff,

    v.

                                                          Case No. 7:20-cv-09112-CS-PED

MARJAM SUPPLY CO., INC. aka
MARJAM, JOE CERASANI, and EDWIN NIEVES,

                              Defendants.
_____

### STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

I, _____ state that:

                    Print Name

1.    My   address   is   _____

_____

2.    My present employer is _____

3.    My present occupation or job description is _____

_____

4.    I have received a copy of the Stipulation and Order for the Production and Exchange of

Confidential Information (the "Stipulation and Order") entered in the above-entitled action on

_____

5.    I have carefully read and understand the provisions of the Stipulation and Order.

6.    I will comply with all of the provisions of the Stipulation and Order.

21411836v5

7.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulation and Order, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8.      I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation and Order in this action.

_____

Signature

_____

Date

2

21411836v5